HON ANTHONY J. CERTO Chief Judge, City Court of Niagara Falls
This is in reply to your recent letter wherein you state the Niagara Falls City Court (the City Court) frequently undertakes arraignments of defendants charged with felonies, which charges are followed by preliminary hearings, and, in certain cases, pleas of guilty thereupon are made before the City Court to charges less than felony grade in satisfaction of the originally laid felony complaints. From what you state, each step in any such proceeding is docketed on the city criminal court calendar and is handled at each step by the City Court judge.
Your questions are, as phrased by you: (1) Is Niagara County liable to the City of Niagara Falls for each instance in which a city court judge renders services at the rate of $5 per instance? and (2) Are felony arraignments, preliminary hearings and dispositions of felony charges by guilty pleas to lesser (non-felony) charges to be treated as separate and distinct instances for which the County of Niagara is liable to the City of Niagara Falls?
Authority for receipt of whatever fee to which the City Court may be entitled is grounded on County Law § 218(2), which provides:
 "2. The board of supervisors shall audit and pay the fees allowable for services rendered by justices of the peace, police justices, city judges and peace officers of the cities, towns and villages within the county in criminal proceedings, for or on account of an offense which a court of special sessions has not jurisdiction to try. A county shall pay any amount due to a town or village for the services of a justice of the peace or police justice which is a county charge upon presentation to it of a claim by the state comptroller for such charges each quarter."
No provision can be found which specifically sets out allowable fees to city judges. Of relevance, however, is General Municipal Law § 99-1, which provides in part:
 "1. Towns and villages, for their own respective benefits, and counties, for the benefit, as a whole, of those geographical areas charged with the duty to support a district court system, shall be entitled to receive for the services of the town court, the village court or the district court, respectively, in criminal actions and proceedings:
* * *
 "(c) For all services in any case in which the court acts upon a felony complaint, to be paid by the county, five dollars."
* * *
 "2. With respect to prosecutions which arise out of violations of any provisions of the vehicle and traffic law, except title seven, other than the provisions of sections eleven hundred eighty (excepting those involving violations of speed limits established pursuant to sections sixteen hundred forty-two, sixteen hundred forty-three, sixteen hundred forty-four, sixteen hundred sixty-two-a, sixteen hundred sixty-three and sixteen hundred seventy), eleven hundred eighty-two, eleven hundred eighty-three, eleven hundred eighty-four, eleven hundred ninety and eleven hundred ninety-two thereof, and which are triable in a local criminal court of any city, including the city of New York, such city shall hereafter be entitled to receive for the services of judicial officers who conduct any proceedings in or in connection with such prosecutions, the following fees:
* * *
 "(c) For all services in any case in which the criminal court of the city of New York, or outside such city, a local criminal court of a city acts upon a felony complaint, five dollars."
Because city courts are not specifically included in General Municipal Law § 99-1 for receipt of fees in certain criminal proceedings, the question arises whether such provision might be expanded to apply to city judges in order that they may thereunder be entitled to allowable fees. Allowable fees pursuant to County Law § 218(2) are for services rendered in criminal proceedings "for or on account of an offense which a court of special sessions has not jurisdiction to try." Although former Code of Criminal Procedure set forth lower criminal court procedure in terms of "magistrates" and "courts of special sessions," the Criminal Procedure Law, which replaced the Code, abandons such designations in favor of a system that simply describes what lower criminal courts are and what they do (see Prac. Comm. following CPL 10.10, McKinney's Cons. Laws of N Y Ann., Book 11A, p. 34). The City Court is a local criminal court, as is, among others, a town court and a village court, and it has "trial jurisdiction of offenses of less than felony grade only committed within such city" (CPL 10.10[3] and 10.10[4]). The former Code also included justices of the peace and village justices, as well as city judges, as magistrates (CCP § 147).
Niagara Falls City Court Act (L. 1957, C. 994) (the City Court Act) establishes the City Court. Section 51 thereof provides in relevant part:
 "A judge shall possess all the powers and jurisdiction of a magistrate.
 "The court shall have the jurisdiction of a court of special sessions, to be exercised under the title of city court * * *."
Because the City Court Act clothes its city court judges with all the powers and jurisdiction of justices in towns and villages, the application of General Municipal Law § 99-1 would seem to allow, by implication, for payment of fees to the City Court (20 Op. St. Comp. 1964, p. 340; 1 Op. St. Comp. 1945, p. 558).
The phrase "for all services in any case in which the court acts upon a felony complaint" (General Municipal Law § 99-1[1] [c]) is construed to embrace all of those procedural steps, or instances, relating to any one case in which the City Court acts upon a felony complaint, and not to services relating to any one particular step, or instance, in any case. Thus, the $5 fee would cover whatever services rendered by the City Court in whatever action or actions it takes relating to a felony complaint. With respect to a prosecution arising out of violation of any provision of the Vehicle and Traffic Law, but for exceptions spelled out in General Municipal Law § 99-1(2), triable in the City Court, the City Court would be entitled to a $5 fee from Niagara County for all services in any case in which the City Court acts upon a felony complaint (General Municipal Law §99-1[2][c]; see also 20 Op. St. Comp. 1964, p. 340, 343).
Therefore, we are of the opinion the City Court would be entitled, pursuant to General Municipal Law § 99-1(1)(c), to a $5 fee from Niagara County for all services in any case in which the City Court acts upon a felony complaint in any criminal action or proceeding, and, as to a prosecution arising out of violation of any provision of the Vehicle and Traffic Law, but for exceptions set forth in General Municipal Law § 99-1(2), the City Court would be entitled to a $5 fee from Niagara County for all services in any case triable before the City Court in which it acts upon a felony complaint.
You may wish to address inquiry to the Judicial Conference and Administrative Board, State of New York, Office of Court Administration, 270 Broadway, New York, N Y 10007, as to the effect Chapter 966 of the Laws of 1976, an act to amend the Judiciary Law in relation to establishing a unified budget, such act to become substantially effective April 1, 1977, will have on payment of fees by Niagara County to the City Court after April 1, 1977.